UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IFS FINANCIAL CORPORATION, | § | CASE NO. 02-39553-H1-7 |
| CIRCLE INVESTORS, | § | CASE NO. 04-34514-H1-7 |
| COMSTAR MORTGAGE CORPORATION | § | CASE NO. 04-34515-H1-7 |
| IFS INSURANCE HOLDINGS CORPORATION, | § | CASE NO. 04-34516-H1-7 |
| INTERSTATE INVESTMENT CORP., | § | CASE NO. 04-34517-H1-7 |
| INTERAMERICAS, LTD., | § | CASE NO. 04-34519-H1-7 |
| INTERAMERICAS INVESTMENTS, LTD. | § | CASE NO. 04-34520-H1-7 |
| INTERAMERICAS HOLDINGS, INC. | § | CASE NO. 04-34521-H1-7 |
| INTERAMERICAS FINAN. HOLDINGS CORP., | § | CASE NO. 04-34522-H1-7 |
| INTERAMERICAS CORPORATION, | § | CASE NO. 04-34524-H1-7 |
| AMPER INTERNATIONAL, LTD., | § | CASE NO. 04-34525-H1-7 |
| AMPER, LTD., | § | CASE NO. 04-34526-H1-7 |
| INV CAPITAL, LTD., | § | CASE NO. 04-34527-H1-7 |
| INV SERVICES, LTD., | § | CASE NO. 04-34528-H1-7 |
| ORBOST, LTD., | § | CASE NO. 04-34529-H1-7 |
| MP CORP., | § | CASE NO. 04-34530-H1-7 |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |
| | § | |
| AND | § | |
| | § | |
| IN RE | § | |
| | § | |
| ENRIQUE PIMIENTA, | § | CASE NO. 05-30565-H5-7 |
| | § | |
| DEBTOR | § | |
| | § | |
| AND | § | |
| | § | |
| IN RE | § | |
| | § | |
| ARTURO PIMIENTA, | § | CASE NO. 04-36227-H1-11 |
| | § | |
| DEBTOR | § | |

## BRIEF IN SUPPORT OF EMERGENCY JOINT MOTION FOR CLARIFICATION AND ORDER OF RELIEF

COME NOW ENRIQUE PIMIENTA, ARTURO PIMIENTA and HUGO PIMIENTA (collectively referred to as "the three individuals"), and W. STEVE SMITH, TRUSTEE ("Smith") and HOWARD EHRENBERG, TRUSTEE, ("Ehrenberg") (collectively referred to as "the Trustees"), and file this their Brief in Support of Emergency Joint Motion for Clarification and Order of Relief pursuant to the request of the Court in its Order Requiring Further Pleading entered on June 10, 2008 (Document 626).

1. First, there is no necessity of filing the motion in the Central District of California in the Hugo Pimienta bankruptcy proceeding. There is nothing remaining to be done in the California bankruptcy proceeding or by Ehrenberg except to receive his percentage of funds resulting from Smith's recoveries in the IFS-related cases. **Chapter 7 Trustees Agreement Regarding Joint Prosecution, Pooling of Confidential Information and Multi-Jurisdiction and Cross Border Insolvency Protocol, Para. 3 (Document 538).** Smith has a number of adversary proceedings and other matters to pursue. The necessity of participation by Hugo Pimienta, as well as Enrique and Arturo Pimienta cannot be overemphasized. Smith is entitled to that unfettered participation and his estates as well as that of Ehrenberg have paid a high price for such unfettered participation:

> Concurrent with the execution of this Agreement, Pimienta (Hugo) shall commence providing to the Trustees, and each of them, assistance with regard to their respective efforts to recover, collect and retain monies and damages from third parties, whether by way of judgment, award or settlement.
>
> **Settlement Agreement, Par. 6, as part of Trustee's Joint Motion (Docket 435) approved by Order of this Court on July 25, 2006 (Docket 474).**

The price paid was the dismissal of the Trustees' § 727 action against Hugo Pimienta which included the Jacuzzi Family's § 727 action against Hugo Pimienta which, by Court Order, was assigned to the Trustees. Therefore, this Court approved the settlement which disposed of the allegations made the basis of the Jacuzzi Family's Mexican complaint and this Court retained jurisdiction to oversee that assistance and to determine the credits to be awarded for such assistance. **Settlement Agreement, Pars. 6 and 7.** It is this Court, not the Bankruptcy Court in California, overseeing the Court-ordered relationship between Smith and Hugo Pimienta.

2

Therefore, the interference with that relationship by the Jacuzzi Family belongs in the Southern District of Texas, and not in the Central District of California.

2. In addition, not only is the Jacuzzi Family interfering with that agreement, approved by this Court, but the Jacuzzi Family is seeking to extort money from Hugo Pimienta, which, if it exists, can only be from money or properties which would be property of this estate, not of the Hugo Pimienta estate. This Court, therefore, has jurisdiction over the property which the Jacuzzi Family seeks to convert. Their lack of standing, in view of their § 727 assignment to the Trustees and the Trustees' settlement thereof, is an effort also to undo this Court's Order approving the settlement.

3 In addition to the aforesaid jurisdictional grounds, the Jacuzzi Family is violating the discharge injunction of all three individuals.

4. This Court has the requisite jurisdiction to hear this matter, to enforce and implement its Orders, to preserve property of the estate (the alleged concealed money and the causes of action being pursued by Smith) and give effect to the discharges granted.

Respectfully submitted,

/s/ Margaret M. McClure
_____
MARGARET M. MCCLURE
State Bar No. 00787997
909 Fannin, Suite 3810
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (facsimile)
Margaret@mmmcclurelaw.com

ATTORNEY FOR ENRIQUE PIMIENTA,
ARTURO PIMIENTA AND HUGO PIMIENTA

MCFALL BREITBEIL AND SHULTS, P.C.


/s/ W. Steve Smith
By_____
W. Steve Smith
State Bar No. 18700000
BLANCHE D. SMITH
State Bar No. 00783991
1331 Lamar Street, Suite 1250
Houston, Texas 77010
(713) 590-9300
(713) 590-9399 (facsimile)

ATTORNEYS FOR W. STEVE SMITH,
  TRUSTEE

ROBINSON, DIAMANT & WOLKOWITZ
A Professional Corporation


/s/ Irv M. Gross
By_____
1888 Century Park East, S-1500
Los Angeles, CA 90067
(310) 277-7400
(310) 277-7584 (facsimile)

ATTORNEYS FOR HOWARD EHRENBERG,
  TRUSTEE

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed either electronically or by U.S. mail, or registered mail, if out of the United States, to the parties in interest as set out on the attached matrix, this 11th day of June, 2008.

/s/ Margaret M. McClure

_____

MARGARET M. MCCLURE